**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| BRIDGEWATER WHOLESALERS, INC., | Civil Action No. 2:14-cv-3684-SDW-SCM |
| Plaintiff, | **OPINION** |
| v. | May 29, 2015 |
| PENNSYLVANIA LUMBERMENS MUTUAL INSURANCE COMPANY, | |
| Defendant. | |

**WIGENTON**, District Judge.

Before this Court is defendant Pennsylvania Lumbermens Mutual Insurance Company's ("Defendant") Motion to Dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), and Motion to Strike pursuant to Rule 12(f). Additionally, Plaintiff Bridgewater Wholesalers, Inc. ("Plaintiff") requests leave to file a Rule 11 motion for sanctions.

1

Jurisdiction is proper pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons stated below, Defendant's Motion to Dismiss is **GRANTED** in part and **DENIED** in part. Defendant's Motion to Strike is **DENIED**. Plaintiff's request to file a Rule 11 motion for sanctions is **DENIED**.

## I.  BACKGROUND

Plaintiff is a commercial supplier of specialty millwork (e.g. wooden doors) and has its principal place of business in New Jersey, and two Pennsylvania locations. (Am. Compl. ¶ 8.) Defendant is a commercial entity that sold the insurance policy at issue to Plaintiff. (*See id*.) Following the storm on October 29, 2012 ("Sandy"), Plaintiff made a claim under the policy for property damage, which settled for $13,737. Although the policy includes flood insurance, this matter does not involve any flood issues. Instead, the claim addresses Defendant's failure to make full payment on Plaintiff's loss of income as a result of actual physical damage to Plaintiff's New Jersey property. (*See id* at ¶¶ 8-9.) Plaintiff also submitted a claim for loss of business income, under which Defendant paid a limited amount and denied further liability despite Plaintiff's requests to obtain additional payment. (Am. Compl. ¶¶ 18-19.)

After the parties unsuccessfully attempted mediation on November 12, 2013, Plaintiff filed suit on May 12, 2014 in New Jersey Superior Court, Somerset County. (*Id*. at ¶ 22; Dkt. No. 1.) Defendant removed the matter to this Court on June 9, 2014. (*Id.*) On June 12, 2014, Defendant filed a motion to dismiss Plaintiff's Complaint. (Dkt. No. 5.) On June 23, 2014, Plaintiff filed a cross-motion to amend. (Dkt. No. 7.) On October 15, 2014, Magistrate Judge Arleo (now District Judge) entered an order denying Defendant's motion to dismiss without

prejudice as moot, and denying Plaintiff's motion to amend as moot because Plaintiff properly sought to amend within 21 days of Defendant filing its motion to dismiss. (Dkt. No. 13.) Plaintiff's Amended Complaint alleges breach of contract (Count I), violations of the implied duty of good faith (Count II), and violation of Statutory Law 42 Pa.C.S. § 8371.

On October 28, 2014, Defendant filed the instant Motion to Dismiss Counts II and III of Plaintiff's Amended Complaint. (Dkt. No. 14.) Plaintiff filed opposition on November 17, 2014. (Dkt. No. 15.)

## II. LEGAL STANDARD

### a. *Rule 12(b)(6) Motion to Dismiss*

The adequacy of pleadings is governed by Fed. R. Civ. P. 8(a)(2), which requires that a complaint allege "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

### b. *Motion to Strike*

Federal Rule of Civil Procedure 12(f) allows for a court to strike any "redundant, immaterial, impertinent, or scandalous matter." F.R.C.P. 12(f). Generally, motions to strike are highly disfavored. *F.T.C. v. Hope Now Modifications, LLC*, 2011 WL 883202 at *1 (D.N.J. Mar. 10, 2011) (citing *Garlanger v. Verbeke*, 223 F. Supp. 2d. 596, 609 (D.N.J. 2002)). Motions to strike are " 'not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.' " *Tonka Corp. v. Rose Art Industries, Inc.*, 836 F. Supp. 200, 217 (D.N.J. 1993) (quoting *River Road Devel. Corp. v. Carlson Corp.*, No. 89–7037, 1990 WL 69085 at *2 (E.D. Pa. 23 May 23, 1990.)) ("A court possesses considerable discretion in disposing of a motion to strike under Rule 12(f)."); *See also J & A Realty v. City of Asbury Park*, 763 F. Supp. 85, 87 (D.N.J. 1991) "[S]triking a pleading should be sparingly used by courts. It is a drastic remedy to be resorted to only when required for the purposes of justice." *Id*. (quoting *United States v. Consolidation Coal Co*., No. 89–2124, 1991 WL 333694 at *1 (W.D. Pa. July 5, 1991)). If there is any doubt as to whether a matter in a pleading should be stricken, the doubt should be resolved in favor of the pleading. *Hanley v. Volpe*, 305 F. Supp. 977 (D.C. Wis. 1969) (citing *Walmac Co. v. Isaacs*, 15 F.R.D. 344 (D.R.I. 1954)).

### III. DISCUSSION

#### a. *Motion to Dismiss Count II*

In Count II of the Amended Complaint, Plaintiff alleges Defendant violated the implied duty of good faith by:

> [M]aliciously cho[osing] to avoid paying on a business interruption claim caused by Sandy. Despite actual physical damage at BWI's premises, PLM refused full payment on the business interruption claim – instead of relying on its self-imposed cap of $15,000 under a business interruption endorsement covering off premises property damage . . . The claims handling conduct . . . has been egregious, deliberate, malicious and motivated solely by improper purposes intended to benefit management at the expense of BWI.

(Am. Compl. ¶¶ 44-47.)

In New Jersey, the insured party alleging bad faith must show "[i]n the case of denial of benefits . . . that no debatable reasons existed for denial of the benefits. In the case of processing delay, bad faith is established by showing that no valid reasons existed to delay processing the claim and the insurance company knew or recklessly disregarded the fact that no valid reasons supported the delay." *Pickett v. Lloyd's*, 131 N.J. 457, 481 (1993).

This Court finds that Count II is adequately pled and cannot be dismissed at this early stage. Additional discovery is necessary to determine whether Defendant had a reasonable basis for not adjusting the insurance claim. *ProCentury Ins. Co. v. Harbor House Club Condo. Ass'n, Inc.*, 652 F. Supp. 2d 552, 557-58. Therefore, Count II will remain.

#### b. *Motion to Dismiss Count III*

In Count III of the Amended Complaint, Plaintiff contends that Defendants violated the Pennsylvania bad faith statute, 42 Pa.C.S. § 8371. In its motion, Defendant argues that Count III should be dismissed because the Pennsylvania statute is inapplicable. (Def.'s Br. 3.) It is

5

Defendant's position that New Jersey law—not Pennsylvania law—governs the bad faith claim. To determine which law applies, this Court will conduct a choice of law analysis.

### i. New Jersey Choice of Law Principles Apply

District courts sitting in diversity apply the choice of law principles of the forum state. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496-97 (1941); *Feldman v. Mercedes-Benz USA, LLC*, No. 2:11–cv–00984, 2012 WL 6596830, *5 (D.N.J. Dec. 18, 2012). As such, this Court will apply New Jersey choice of law principles in conducting its analysis of whether the Pennsylvania bad faith statute at issue is available to Plaintiff.

New Jersey employs the "most significant relationship" test set forth in the Restatement of Conflict of Laws. *P.V. v. Camp Jaycee*, 197 N.J. 132, 142–43 (2008). This test mandates a two-step analysis. *Id.* at 143. First, the court must determine whether an actual conflict of law exists. *Id.* If no conflict exists, the law of the forum state applies. *Id.* Second, if a conflict exists, the court determines which state has the "most significant relationship" to the claim by "weigh[ing] the factors set forth in the Restatement section corresponding to the plaintiff's cause of action." *Snyder v. Farnam Companies, Inc.*, 792 F. Supp. 2d 712, 717 (D.N.J. 2011) (internal citations omitted).

### 1. First Step: Actual Conflict of Law

To determine whether an actual conflict of law exists, the court must examine the substance of the potentially applicable laws to determine whether "there is a distinction" between them. *Lebegern v. Forman*, 471 F.3d 424, 430 (3d Cir. 2006) (quoting *Grossman v. Club Med Sales, Inc.*, 273 N.J. Super. 42, 49 (App. Div. 1994)). Here, the Pennsylvania bad faith statute, 42 Pa.C.S. § 8371, must be compared to the New Jersey law addressing bad faith violations.

Pennsylvania law allows for "a statutory bad faith tort claim under 42 Pa.C.S. § 8371, pursuant to which the insured may recover only the damages set forth in the statute, including punitives, attorney fees, court costs, and interest." *CRS Auto Parts, Inc. v. National Grange Mut. Ins. Co.*, 645 F. Supp. 2d 354, 364 (E.D. Pa. 2009). The statute provides that bad faith on the part of the insurer "is any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith." *Terletsky v. Prudential Property and Cas. Ins. Co.*, 437 Pa. Super. 108, 125 (Pa. Super. 1994). In contrast, the New Jersey standard requires that the insured party alleging bad faith show "[i]n the case of denial of benefits . . . that no debatable reasons existed for denial of the benefits. In the case of processing delay, bad faith is established by showing that no valid reasons existed to delay processing the claim and the insurance company knew or recklessly disregarded the fact that no valid reasons supported the delay. In either case (denial or delay), liability may be imposed for consequential economic losses that are fairly within the contemplation of the insurance company." *Pickett*, 131 N.J. at 474, 481.

As the Pennsylvania and New Jersey "bad faith" standards set forth above demonstrate, there is a clear distinction between these potentially applicable laws. Because Pennsylvania and New Jersey employ different approaches in both defining and remedying bad faith conduct, this Court finds that an actual conflict of law exists.

### 2. Second Step: Resolving the Conflict of Law

Once a conflict is established, the court determines which state has the "most significant relationship" to the claim by "weigh[ing] the factors set forth in the Restatement section

corresponding to the plaintiff's cause of action." *Snyder v. Farnam*, 792 F. Supp. 2d at 717 (D.N.J. 2011).  Here, Restatement § 6 ("Section 6"), which applies to tort choice of law issues, corresponds to Plaintiff's cause of action because the Pennsylvania bad faith statute is considered "a statutorily-created tort action."  *See Fu v. Fu*, 160 N.J. 108, 122 (1999); *Ash v. Continental Ins. Co.,* 593 Pa. 523, 536 (2007).  Section 6 principles require the following considerations: "(1) the interests of interstate comity; (2) the interests of the parties; (3) the interests underlying the field of tort law; (4) the interests of judicial administration; and (5) the competing interests of the states." *Fu v. Fu*, 160 N.J. at 122.

The interests of interstate comity seek to "further harmonious relations between the states and to facilitate commercial intercourse between them." *P.V. v. Camp Jaycee*, 197 N.J. at 152; Restatement § 6, comment d.  It considers "whether application of a competing state's law would frustrate the policies of other interested states." *Fu v. Fu*, 160 N.J. at 122-23.  When considering these interests, courts continuously defer to the laws of the state of the injury.  *P.V. v. Camp Jaycee*, 197 N.J. at 153.

This Court finds the interests of interstate comity favor the application of New Jersey law.  Beyond the fact that New Jersey is where Plaintiff claims the physical property damage took place, application of the Pennsylvania bad faith statute would run afoul of the statute's goal to protect its residents. *See General Star Nat'l Ins. Co. v. Liberty Mutual Ins. Co.*, 960 F.2d 377, 379 (3d Cir. 1992).  Courts have held that the "policy behind [] § 8371 . . . is that the Pennsylvania legislature was concerned about protecting its own residents/insured from overreaching insurance companies." *Celebre v. Windsor–Mount Joy Mut. Ins. Co.*, No. 93–5212, 1994 WL 13840, *2 (E.D. Pa. Jan. 14, 1994) (citing *Thomson v. Prudential Prop. & Cas. Ins.*

8

*Co.*, No. 91–4073, 1992 WL 38132, *4 (E.D. Pa. Feb. 20, 1992)).[1]  Moreover, Plaintiff already has a recourse for bad faith recovery in New Jersey under its breach of the covenant of good faith and fair dealing in Count II.  Given these considerations, the comity factor militates in favor of applying New Jersey law.

The interests of the parties "require courts to focus on [the parties'] justified expectations and their needs for predictability of result." *Fu v. Fu*, 160 N.J. at 123.  The protection "of the parties' justified expectations, a factor of extreme importance in the field of contracts, ordinarily plays little or no part in a choice-of-law question in the field of torts." *Id*.  Here, because Plaintiff's allegation of bad faith under the Pennsylvania statute is considered "a statutory bad faith tort claim," this factor need not be addressed.

The interests underlying the field of tort law "require courts to consider the degree to which deterrence and compensation, the fundamental goals of tort law, would be furthered by the application of a state's local law.  When the tort rule primarily serves a deterrent purpose, the state where the harmful conduct took place will likely have the dominant interest with respect to that rule. When the tort rule is designed primarily to compensate a victim for his or her injuries, the state where the injury occurred, which is often where the plaintiff resides, may have the greater interest in the matter." *Fu v. Fu*, 160 N.J. at 123 (internal citations omitted).

This Court finds that the interests underlying the field of tort law weigh in favor of applying New Jersey law.  Here, Sandy caused direct physical damage to Plaintiff's New Jersey facility, and Plaintiff's insurance claim regarding the physical damage was processed in New Jersey.

---

[1] Furthermore, this Court is not persuaded by Plaintiff's argument that the New Jersey Assembly and Senate's introduction of bad faith statutes support its comity argument because such legislation has not been enacted.  Even if enacted, the rest of the considerations weigh in favor of applying New Jersey law.

The interests of judicial administration require courts to consider "the relative ease in determination and application of the choice of law regarding a specific issue, a factor that in turn furthers the values of uniformity and predictability of result. Those considerations, however, are of lesser importance and must yield to a strong state interest implicated by the remaining factors." *Fu v. Fu*, 160 N.J. at 124 (internal citations omitted). Moreover, where "contacts and principles of the Second Restatement lead inexorably to the conclusion that a particular state's relationship to the parties and issues is predominant, judicial administration considerations necessarily yield." *P.V. v. Camp Jaycee*, 197 N.J. at 154-55.

This Court finds that New Jersey is the state with the predominant relationship to the parties. Not only is New Jersey the place of the injury, but it is also the state where Plaintiff is incorporated, has its corporate headquarters, and where Defendant is an insurance carrier. Hence, the factors weigh in favor of New Jersey law.

The competing interests of the states, "the most significant factor in the tort field, requires courts to consider whether application of a competing state's law . . . will advance the policies that the law was intended to promote . . . the qualitative, not the quantitative, nature of a state's contacts ultimately determines whether its law should apply." *Fu v. Fu*, 160 N.J. at 125 (internal citations and quotations omitted). The most significant contacts to this analysis are: "the place where the injury occurred; the place where the conduct causing the injury occurred; the domicile, residence, nationality, place of incorporation and place of business of the parties; and the place where the relationship, if any, between the parties is centered." *Id.*; *Lebegern v. Forman*, 471 F.3d 424, 431 (3d Cir. 2006).

Although Plaintiff has locations in Pennsylvania, and Defendant is a Pennsylvania citizen, this Court finds that the parties' New Jersey contacts are significant. New Jersey is

where the physical injury occurred, where any financial loss would be attributed because it is where Plaintiff's headquarters is located, where the insurance policy was executed and where the resulting disputes have ensued. Therefore, because New Jersey is the state where the injury occurred and where the parties' relationship is centered, New Jersey law controls.

In balancing the relevant considerations, this Court finds that New Jersey law applies to Plaintiff's bad faith claims. As such, Count III is dismissed with prejudice.

### c. *Motion to Strike*

Defendant seeks to strike paragraphs 29 through 31, or paragraphs 29 through 34, of the Amended Complaint because of an allegedly speculative press release regarding Defendant's financial standing. However, "[t]he *Twombly* plausibility standard, which applies to all civil actions, does not prevent a plaintiff from pleading facts alleged 'upon information and belief' where the facts are peculiarly within the possession and control of the defendant." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (internal quotations and citations omitted). Because Plaintiff's "speculation" is not a viable ground for striking a pleading pursuant to Rule 12(f), the Motion to Strike is dismissed.

**CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED** in part and **DENIED** in part. Specifically, the Motion to Dismiss is granted as to Count III and Count III is therefore **DISMISSED** with prejudice. The Motion to Dismiss is denied as to Count II, as that claim is sufficiently pled. Defendant's Motion to Strike is **DENIED**. Furthermore,

Plaintiff's request to file a Rule 11 motion for sanctions is **DENIED**.[2]  An appropriate order follows.

s/ Susan D. Wigenton, U.S.D.J.

Orig:       Clerk
cc:         Parties
            Magistrate Judge Steven C. Mannion

---

[2] This Court finds no basis to grant Plaintiff leave to file a Rule 11 motion for sanctions.  Rule 11 sanctions should be issued "only in the 'exceptional circumstance', where a claim or motion is patently unmeritorious or frivolous."  *Doering v. Union Cnty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988) (quoting *Gaiardo v. Ethyl Corp*., 835 F.2d 479, 483 (3d Cir.1987)).  The imposition of Rule 11 sanctions is discretionary. *Grider v. Keystone Health Plan Cent., Inc*., 580 F.3d 119, 146 n. 28 (3d Cir. 2009).  This Court will deny the request for leave to file a motion for sanctions because the parties and their attorneys have not exhibited bad faith or unreasonable conduct.