**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BRIDGEWATER WHOLESALERS, INC., <br><br>      Plaintiff, <br><br> v. <br><br> PENNSYLVANIA LUMBERMENS MUTUAL INSURANCE CO., <br><br>      Defendant. | Civil Action No. <br><br> 2:14-CV-3684-SDW-SCM <br><br> **OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO SEVER [D.E. 25]** |

**MANNION,** Magistrate Judge:

Now before the Court is Defendant Pennsylvania Lumbermens Mutual Insurance Company's ("Lumbermens") motion to sever the bad faith claim of Plaintiff Bridgewater Wholesalers, Inc.'s ("Bridgewater") Amended Complaint and stay that claim pending resolution of Bridgewater's breach of contract claim.[1]  Bridgewater opposes the motion.[2]  Oral argument was not held. For the reasons stated below, Lumbermens' motion to sever is **GRANTED.**

---

[1] (ECF Docket Entry ("D.E.") 25).
[2] (D.E. 28).

1

I.   **BACKGROUND AND PROCEDURAL HISTORY**

Bridgewater is a supplier of specialty millwork and wooden doors.[3] Lumbermens is authorized to provide insurance products to businesses located in New Jersey.[4] This dispute arises out of an alleged breach of insurance contract between Bridgewater and Lumbermens for claims stemming from losses sustained during Superstorm Sandy.[5]

Bridgewater alleges Lumbermens underpaid its business loss of income claim.[6] On May 12, 2014, Bridgewater filed its complaint in New Jersey Superior Court.[7] The action was removed to this Court on June 9, 2014.[8] Bridgewater's operative complaint consists of two counts: "Breach of Contract" [Count I] and "Breach of the Implied Duty of Good Faith" [Count II]. Count II alleges that Lumbermens "maliciously chose to avoid paying on a business interruption claim" and that its conduct in handling the

---

[3] (*See* Amnd. Compl., D.E. 6 at 3).

[4] (*Id.* at 2).

[5] (*See* generally Amnd. Compl., D.E. 6).

[6] (*Id.*).

[7] (D.E. 1 at 1).

[8] (*Id.*).

2

insurance claim was "egregious, deliberate, malicious and motivated solely by improper purposes."[9]

## II. DISCUSSION & ANALYSIS

Under Federal Rule of Civil Procedure 21, the Court has discretion to sever and stay any claim.[10] "Severing claims under Rule 21 is appropriate where the claims to be severed are 'discrete and separate' so that one claim is 'capable of resolution despite the outcome of the other claim.'"[11] The factors courts consider in determining whether severance is warranted include: "(1) whether the issues sought to be tried separately are significantly different from one another, (2) whether the separable issues require the testimony of different witnesses and different documentary proof, (3) whether the party opposing the severance will be prejudiced if it is granted, and (4)

---

[9] (Amnd. Compl. ¶¶ 45, 47 (D.E. 6 at 11,12)).

[10] *See Rodin Properties-Shore Mall, N.V. v. Cushman & Wakefield of Pennsylvania, Inc.,* 49 F.Supp.2d 709, 721 (D.N.J.1999) (citing *Walsh v. Miehle-Goss-Dexter,* Inc., 378 F.2d 409, 412 (3d Cir.1967)).

[11] (*Turner Const.* Co. v. *Brian Trematore Plumbing & Heating,* Inc., C.A. No. 07-666(WHW), 2009 WL 3233533, at *3 (D.N.J. Oct.5, 2009) (citations omitted)).

3

whether the party requesting severance will be prejudiced if it is not granted."[12]

The Court first considers whether the issues sought to be tried separately are significantly different from one another. Bridgewater's breach of contract claim concerns lost sales and Lumbermens' obligation under the insurance contract, whereas the bad faith claim addresses Lumbermens' general claims handling procedures. Lumbermens argues that these issues are significantly different from one another and should be tried separately.[13] The Court agrees that viewing these claims as separate and distinct actions "promotes judicial efficiency and economy."[14] Accordingly, the first relevant factor weighs in favor of severance.

Second, Bridgewater's contract and bad faith claims require the testimony of different witnesses and different documentary proof. As evidenced by its interrogatories, Bridgewater seeks documents from 2011 to present concerning all of Lumbermens' employment contracts, claims handling

---

[12] *Picozzi v.* Connor, C.A. No. 12-4102(NLH), 2012 WL 2839820, at *6 (D.N.J. July 9, 2012).

[13] (Def.'s Br. at 9 (D.E. 25-1)).

[14] *Wadeer v. New Jersey Mfrs.* Ins. Co., 220 N.J. 591, 2015 WL 668229, at *10 (N.J. Feb. 18, 2015); *Nelson v. State Farm Mut. Auto.* Ins. Co., 988 F.Supp. 527 (E.D.Pa.1997).

4

guidelines, confidential employee salary information, and other subject areas not directly relevant to the contract claim.[15] The Court finds that this discovery distracts from and will undoubtedly delay the resolution of the primary focus of the case, i.e., whether the contract claim should be paid in the amount of the claim or at all.[16] As a result, the second relevant factor also favors severance.

Third, Bridegwater will not be prejudiced if its bad faith claim is severed and stayed. Bridegwater does not know if its coverage claim will still be denied even if it obtains more evidence, let alone if Lumbermens acted or will act in bad faith. As such, Bridegwater's bad faith claim may be premature.  Further, if Bridegwater prevails on its breach of contract claim, it will have the ability to pursue its bad faith claim. If pursued, the Court expects that the bad faith claim will be expeditiously resolved.  Accordingly, the third relevant factor favors severance.

Last, the Court considers whether Lumbermens will be prejudiced if severance is not granted. The Court finds

---

[15] (*See* Def.'s Ex. A, D.E. 25-2).
[16] *See Fed. Ins. Co. v. Cont'l Cas. Co.,* C.A. No. 05-305, 2006 WL 1344811, at *1 (W.D.Pa. May 16, 2006).

under the circumstances of this case that Lumbermens will be prejudiced if it is forced to litigate Bridgewater's bad faith claim before the contract claim is resolved. Bridgewater has propounded extensive written discovery on Lumbermens regarding the bad faith claim. If Lumbermens has to litigate the bad faith claim now it will suffer a "significant expenditure of time and money, generally rendered needless if the insurer prevails."[17] The Court agrees with Lumbermens that judicial economy and efficiency for all parties will be promoted by avoiding expensive and time-consuming discovery on the bad faith claim.[18] The Court also finds that the litigation of the bad faith claim, and the related discovery disputes arising therefrom, will significantly delay the final resolution of the breach of contract claim. The contract claim should be the focus of the case at this time. Accordingly, the fourth and final relevant factor favors severance.

---

[17] *Procopio v. Gov't Employees Ins. Co.*, 433 N.J. Super. 377, 383, 80 A.3d 749, 752 (App. Div. 2013).

[18] (D.E. 25-1 at 7).

### III. CONCLUSION

This Court concludes that COUNT II should be severed and the bad faith issues stayed pending the adjudication of the breach of contract claim as pled in COUNT I.

For the foregoing reasons,

**IT IS** on this Monday, November 02, 2015,

1. **ORDERED** that Defendant's "Motion to Sever Count II (Bad Faith) of Plaintiff's Amended Complaint and Stay the Severed Action Pending Resolution of Plaintiff's Count I (Breach of Contract)" [D.E. 25] is **GRANTED**.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

11/2/2015 2:25:39 PM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties
        File